UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **IRISH HEART ENTERPRISES, LLC d/b/a THE BRASS RING, LAWRENCE WALSH, individually, and HEATHER WALSH, individually,** <br><br> Defendants. | Civil action no.: 18-cv-251 |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants Irish Heart Enterprises, LLC d/b/a The Brass Ring, Lawrence Walsh, individually, and Heather Walsh, individually (hereinafter "defendants") from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq.*), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II

**A.**     Defendant, Irish Heart Enterprises, LLC, is and at all times hereinafter mentioned was a corporation with an office and a place of business at 701 East Washington Avenue, Madison, Dane County, Wisconsin, within the jurisdiction of this court, and is and at all times hereinafter mentioned was engaged under the name of the Brass Ring in the operation of a bar and restaurant and in the performance of related types of activities.

**B.**     Defendant Lawrence Walsh, an individual, is an owner of defendant Irish Heart Enterprises, LLC, and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to its employees, including, but not limited to hiring employees and participating in setting employees' compensation. At all times hereinafter mentioned, defendant Lawrence Walsh was engaged in business in Dane County, Wisconsin, within the jurisdiction of this court. Lawrence Walsh acted directly or indirectly in the interest of Irish Heart Enterprises, LLC in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

**C.**     Defendant Heather Walsh, an individual, is an owner of defendant Irish Heart Enterprises, LLC, and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to its employees, including, but not limited to hiring employees and participating in setting employees' compensation. At all times hereinafter mentioned, defendant Heather Walsh was engaged in business in Dane County, Wisconsin, within the jurisdiction of this court. Heather Walsh acted directly or indirectly in the interest of Irish Heart Enterprises, LLC in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

**III**

Defendants are and at all times hereinafter mentioned were engaged in related activities performed through unified operation or common control for a common business purpose, and are and at all times hereinafter mentioned were an enterprise within the meaning of section 3(r) of the Act.

**IV**

Defendants at all times hereinafter mentioned were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

**V**

Defendants repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, by paying many of their employees' wages at rates less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.  Specifically, defendants paid certain tipped employees less than $7.25 per hour without complying with the requirements of section 203(m) of the Act, insofar as defendants required tipped employees to share their tips with non-tipped

employees. Furthermore, defendants failed to compensate all employees at rates that equaled $7.25 per hour or more for all hours worked.

## VI

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, defendants failed to compensate all kitchen employees for all overtime hours worked at rates of at least one and one-half times the regular rate at which they were employed, instead paying these employees "straight time" for some of their overtime hours.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

**VIII**

During the period since April 1, 2015, defendants repeatedly have violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding defendants liable for unpaid minimum wages and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2) pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wages and overtime compensation found to be

5

due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

      (c)     For an Order awarding plaintiff the costs of this action; and

      (d)     For an Order granting such other and further relief as may be necessary or appropriate.

                                        **KATE S. O'SCANNLAIN**
                                        Solicitor of Labor

                                        **CHRISTINE Z. HERI**
                                        Regional Solicitor

                                        /s/Lindsey Rothfeder
                                        **Lindsey Rothfeder**
                                        Attorney

**P.O. ADDRESS:**
U.S. Department of Labor                  Attorneys for **R. Alexander Acosta**,
Office of the Solicitor                      Secretary of Labor, United States
230 South Dearborn Street             Department of Labor, Plaintiff
Eighth Floor
Chicago, Illinois 60604
Telephone:  312/353-**0890**
rothfeder.lindsey@dol.gov

## Exhibit A

| | |
|---|---|
| DUNCAN | ANDERSON |
| LCELLE | ANDERSON |
| LORETTA | ANDERSON |
| ALEIGHA | ARFT |
| EMILY | BLEWITT |
| ANASTASIA | CALKA |
| DANIEL | COOK |
| KIMBERLY | CUCCIA |
| MEGAN | DENNISON |
| ERIN | FINN |
| CATHERINE | FISCHER |
| KENNETH | GEISENHEIMER |
| GENEVIEVE | GLOBUS |
| STEPHANIE | GRATTON |
| KARLA | HANSON |
| JOSHUA | JANDRT |
| HANNAH | JONES |
| CHASE | KASMERCHAK |
| CRISTINE | KLAWITER |
| ALYSSA | KOELSCH |
| CIDNEY | LANGE |
| KELSEY | LANNERT |
| HEIDI | LESNIK |
| MERIDIAN | LINSTER |
| LISA | LIU |
| DALIA | MACIAS |
| DANICA | MILLER |
| MATHEW | MOCKENHAUPT |
| KATELYN | MUXLOW |
| JAIME | NIEDERMEIER |
| JUSTINE | RIEFKE |
| CORY | RING |
| KYLE | ROGERS |
| JACOB | SCHWEIGER |
| JEREMY | SINGLETON |
| LAINA | STUEBNER |
| CANDRA | TAYLOR |
| NATHAN | TEGGE |

| | |
|---|---|
| FLORANGE (FLORA) | VAN OERS |
| LACEY | VANDERMEER |
| JOEY | VITALE |
| CAITLIN | WELCH |
| KIAH | WILLIAMS |
| CHRIS | YOAKUM |