UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

R. ALEXANDER ACOSTA, Secretary of Labor, )
United States Department of Labor, )
)
)
Plaintiff, )
) Civil action no.:
v. )
)
IRISH HEART ENTERPRISES, LLC d/b/a )
THE BRASS RING, LAWRENCE WALSH, )
individually, and HEATHER WALSH, )
individually, )
)
Defendants. )
)

## CONSENT JUDGMENT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor,

having filed his complaint and defendants, Irish Heart Enterprises, LLC d/b/a the Brass Ring,

Lawrence Walsh, individually, and Heather Walsh, individually, (collectively "defendants"),

having appeared by counsel, having waived service, and having been duly advised in the

premises, agree to the entry of this judgment without contest under the Fair Labor Standards Act

of 1938, as Amended, (29 U.S.C. § 201 *et seq.)* (hereinafter "the Act").

Defendants hereby admit and the Court finds the corporate defendant Irish Heart

Enterprises, LLC is and, at all times hereinafter mentioned, was an enterprise engaged in

commerce within the meaning of 29 U.S.C. §§ 203(r), 203(s)(1)(A).

Defendants hereby admit and the Court finds individual defendant Lawrence Walsh is

and, at all times hereinafter mentioned, was an individual "employer" under 29 U.S.C. § 203(d).

Defendants hereby admit and the Court finds individual defendant Heather Walsh is and, at all times hereinafter mentioned, was an individual "employer" under 29 U.S.C. § 203(d).

Defendants hereby admit and the Court finds defendants did not always comply with the overtime payment requirements of 29 U.S.C. § 207.

Defendants hereby admit and the Court finds defendants did not comply with the requirements of 29 U.S.C. § 203(m) insofar as Defendants required tipped employees to share their tips with non-tipped employees.

NOW, therefore upon motion of attorneys for plaintiff and defendants, and for cause shown,

JUDGMENT IS HEREBY ENTERED against defendants pursuant to sections 16(c) and 17 of the Act as follows.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the Act, that the defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners.

I

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act). If defendants apply a tip credit, defendants shall comply with all requirements of 29 U.S.C. § 203(m).

## II

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

## III

Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 C.F.R. Part 516.

## IV

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to section 16(c) of the Act, in favor of the plaintiff and against the defendants in the total amount of **$93,000.00.**

A.    At the time this agreement is executed by the parties, Defendants shall pay to the plaintiff the sum of **$46,500.00,** which represents the unpaid minimum wage and overtime compensation hereby found to be due for the period from **4/1/2015 to 3/31/2017** to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

B.    At the time this agreement is executed by the parties, Defendants shall further pay to plaintiff as liquidated damages the additional sum of **$46,500.00** hereby found to be due for

the period **4/1/2015** to **3/31/2017**, to the present and former employees named in Exhibit A in the amounts set forth therein.

C. The monetary provisions of this judgment shall be deemed satisfied, upon defendants' delivery to the plaintiff's representative of the following at the time this agreement is executed by the parties:

(1) A schedule in duplicate showing the full name, last-known address, social security number, gross amount of wages due, amounts deducted from gross wages for employees' share of social security and withholding taxes, the net amount, gross amount of liquidated damages, and total amount due for each employee named in Exhibit A. Said deductions shall be paid by defendants to the appropriate State and Federal revenue authorities and appropriate proof of such payment shall be made available to plaintiff by defendants. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

(2) Separate certified checks for each employee named in Exhibit A, made payable to the order of the employee or the "Wage and Hour Div., Labor," as alternative payees, (*e.g.*, the first check should read "PAY TO THE ORDER OF **"employee's name"** or the Wage and Hour Div., Labor") and be equal to the total amount due to each such employee, after adding the net amount of wages and gross amount of liquidated damages, as listed opposite his name in Exhibit A attached; and

(3) Plaintiff shall distribute the checks referred to in paragraph (2) hereof, or the proceeds thereof, to the persons named in Exhibit A attached hereto, or to their estates, if that be necessary, and any amounts of unpaid minimum wage, overtime compensation or liquidated

4

damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

**V**

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its/his own fees and other expenses incurred by such party in connection with any stage of this proceeding to date.

Dated this _13TH_ day of _APRIL_ 2018.

_Marvin D. Peterson_

U. S. District Court Judge

BY: _(signature)_ Heather Walsh
Irish Heart Enterprises, LLC

_(signature)_
Lawrence Walsh

_(signature)_
Heather Walsh


Defendants hereby consent to
the entry of this judgment
this 9th day of April, 2018.

_(signature)_
Attorney for Defendants


**KATE S. O'SCANNLAIN**
Solicitor of Labor


**CHRISTINE Z. HERI**
Regional Solicitor

_(signature)_
**Lindsey Rothfeder**
Attorneys for **R. Alexander Acosta**,
Secretary of Labor, United States
Department of Labor, Plaintiff

Acosta v. Irish Heart, Exhibit A

| First Name | Last Name | Back Wages | Liq. Dmgs. | Total Due |
|---|---|---|---|---|
| DUNCAN | ANDERSON | $ 488.35 | $ 488.35 | $ 976.70 |
| LCELLE | ANDERSON | $ 183.98 | $ 183.98 | $ 367.96 |
| LORETTA | ANDERSON | $ 228.80 | $ 228.80 | $ 457.60 |
| ALEIGHA | ARFT | $ 273.17 | $ 273.17 | $ 546.34 |
| EMILY | BLEWITT | $ 574.37 | $ 574.37 | $ 1,148.74 |
| ANASTASIA | CALKA | $ 2,529.42 | $ 2,529.42 | $ 5,058.84 |
| DANIEL | COOK | $ 2,232.24 | $ 2,232.24 | $ 4,464.48 |
| KIMBERLY | CUCCIA | $ 1,532.98 | $ 1,532.98 | $ 3,065.96 |
| MEGAN | DENNISON | $ 715.66 | $ 715.66 | $ 1,431.32 |
| ERIN | FINN | $ 2,055.03 | $ 2,055.03 | $ 4,110.06 |
| CATHERINE | FISCHER | $ 137.99 | $ 137.99 | $ 275.98 |
| KENNETH | GEISENHEIMER | $ 256.21 | $ 256.21 | $ 512.42 |
| GENEVIEVE | GLOBUS | $ 4,737.89 | $ 4,737.89 | $ 9,475.78 |
| STEPHANIE | GRATTON | $ 4,884.78 | $ 4,884.78 | $ 9,769.56 |
| KARLA | HANSON | $ 2,048.08 | $ 2,048.08 | $ 4,096.16 |
| JOSHUA | JANDRT | $ 30.55 | $ 30.55 | $ 61.10 |
| HANNAH | JONES | $ 33.06 | $ 33.06 | $ 66.12 |
| CHASE | KASMERCHAK | $ 106.59 | $ 106.59 | $ 213.18 |
| CRISTINE | KLAWITER | $ 633.53 | $ 633.53 | $ 1,267.06 |
| ALYSSA | KOELSCH | $ 88.22 | $ 88.22 | $ 176.44 |
| GIDNEY | LANGE | $ 6,566.02 | $ 6,566.02 | $ 13,132.04 |
| KELSEY | LANNERT | $ 641.08 | $ 641.08 | $ 1,282.16 |
| HEIDI | LESNIK | $ 32.57 | $ 32.57 | $ 65.14 |
| MERIDIAN | LINSTER | $ 1,175.89 | $ 1,175.89 | $ 2,351.78 |
| LISA | LIU | $ 218.87 | $ 218.87 | $ 437.74 |
| DALIA | MACIAS | $ 2,006.29 | $ 2,006.29 | $ 4,012.58 |
| DANICA | MILLER | $ 1,280.95 | $ 1,280.95 | $ 2,561.90 |
| MATHEW | MOCKENHAUPT | $ 231.94 | $ 231.94 | $ 463.88 |
| KATELYN | MUXLOW | $ 71.72 | $ 71.72 | $ 143.44 |
| JAIME | NIEDERMEIER | $ 501.49 | $ 501.49 | $ 1,002.98 |
| JUSTINE | RIEFKE | $ 307.92 | $ 307.92 | $ 615.84 |
| CORY | RING | $ 2,638.36 | $ 2,638.36 | $ 5,276.72 |
| KYLE | ROGERS | $ 1,158.44 | $ 1,158.44 | $ 2,316.88 |
| JACOB | SCHWEIGER | $ 1,100.26 | $ 1,100.26 | $ 2,200.52 |
| JEREMY | SINGLETON | $ 96.63 | $ 96.63 | $ 193.26 |
| LAINA | STUEBNER | $ 737.33 | $ 737.33 | $ 1,474.66 |
| CANDRA | TAYLOR | $ 1,677.21 | $ 1,677.21 | $ 3,354.42 |
| NATHAN | TEGGE | $ 127.33 | $ 127.33 | $ 254.66 |
| FLORANGE (FLORA) | VAN OERS | $ 624.54 | $ 624.54 | $ 1,249.08 |

Acosta v. Irish Heart, Exhibit A

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LACEY | VANDERMEER | $ | 106.90 | $ | 106.90 | $ | 213.80 |
| JOEY | VITALE | $ | 494.77 | $ | 494.77 | $ | 989.54 |
| CAITLIN | WELCH | $ | 317.70 | $ | 317.70 | $ | 635.40 |
| KIAH | WILLIAMS | $ | 223.38 | $ | 223.38 | $ | 446.76 |
| CHRIS | YOAKUM | $ | 391.51 | $ | 391.51 | $ | 783.02 |
| | | | | | | | |
| | | $ | 46,500.00 | $ | 46,500.00 | $ | 93,000.00 |